UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


GHAZIR GIRON LACAYO                               CIVIL ACTION

VERSUS                                            NO:      08-5139

MARION B. FARMER                                  SECTION: "S" (4)

## REPORT AND RECOMMENDATION

This matter has been referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. §§ 636(b)(1)(B) and (C) and 1915(e)(2)**, and, as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Complaint**

The Plaintiff, Ghazir Giron Lacayo ("Lacayo"), a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Marion B. Farmer. In the complaint, it is alleged that Farmer was hired to represent Lacayo in a state criminal proceeding. Lacayo claims that his rights under the Sixth Amendment were violated by Farmer's failure to provide effective representation in that state proceeding. Lacayo additionally claims that, as a result, his defense has been adversely affected; however, he does not allege that he has yet been convicted of a criminal offense. As

relief, Lacayo seeks punitive damages.[1]

## II. Standard of Review

Federal law provides that a civil action filed *in forma pauperis* shall be dismissed *sua sponte* if the district court determines that the complaint is frivolous or otherwise fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In such cases, a hearing need not be conducted; rather, the court may dismiss the complaint based upon the complaint and exhibits alone. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)*; Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

A district court is given broad discretion in determining whether a complaint is frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Further, in making that determination, the court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Macias*, 23 F.3d at 97. Accordingly, Lacayo's complaint must be dismissed as frivolous "if it lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994).

As noted, a complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) if it fails to state a claim on which relief may be granted. Therefore, Lacayo's complaint must be dismissed on that basis if he fails to "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

---

[1] Lacayo also requests that a "federal attorney" be appointed to represent him. To the extent that he is requesting appointment of counsel in this federal proceeding, it is clear that "[a] district court should appoint counsel in a civil rights case only if presented with *exceptional* circumstances." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added); *see also Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (setting forth the factors to be considered in determining whether counsel should be appointed). In that the instant case is subject to immediate dismissal for the reasons set forth in this opinion, appointment of counsel is not warranted.

all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), *cert. denied*, 128 S. Ct. 1230 and 1231 (2008).

Although broadly construing Lacayo's complaint,[2] the Court nevertheless finds that, for the following reasons, the complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

### III. Analysis

The substance of Lacayo's claim is that his privately retained counsel, Farmer, is liable under 42 U.S.C. § 1983 for failing to provide effective representation in a criminal proceeding in state court. However, § 1983 grants the right of redress only to one whose constitutional rights are violated by a person acting under color of state law. *See* 42 U.S.C. § 1983. Under § 1983, Lacayo must therefore prove not only that there was a constitutional violation (in this case, a violation of his right to effective assistance of counsel under the Sixth Amendment), but also that Farmer's actions were taken under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

It is well established that private attorneys, such as Farmer, are not state actors and, therefore, cannot be held liable pursuant to 42 U.S.C. § 1983 for providing ineffective assistance of counsel. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996); *see also Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993); *Mills v. Criminal District Court #3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[S]ection 1983 claims require that the conduct complained of be done under color of law, and private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

In light of the foregoing, Farmer could be held liable under § 1983 only if he acted jointly with

---

[2] The court must liberally construe a *pro se* civil rights complaint. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

the state or one of its agents.  *Pete*, 8 F.3d. at 216-17; *Mills*, 837 F.2d at 679; *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).  In the instant case, Lacayo has not alleged that Farmer was involved in any action with the state or a state actor.  Rather, Lacayo simply alleges that Farmer failed to provide effective representation during the state court proceeding.  Thus, even under the broadest reading of the complaint, Lacayo has not alleged facts sufficient to render Farmer amenable to suit as a state actor under § 1983.  *Pete*, 8 F.3d at 217 (citing *Haines v. Kerner*, 404 U.S. 519 (1972)).

Accordingly, the Court finds that, because Farmer was not acting under color of state law, Lacayo's complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

**IV.    Recommendation**

It is therefore **RECOMMENDED** that Ghazir Giron Lacayo's federal civil rights complaint against Marion B. Farmer be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the Proposed Findings, Conclusions, and Recommendation in a Magistrate Judge's Report and Recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the Unobjected-to Proposed Factual Findings and Legal Conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23rd day of January, 2009.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**